JUDGE ABRAMS

26 CV 08457

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NEOBULL DYNAMICS INC.,**<br>*Plaintiff,*<br>v.<br>**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,**<br>*Defendants.* | **Case No. ________________**<br>**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**<br>**JURY TRIAL DEMANDED** |

Plaintiff NeoBull Dynamics Inc. ("Plaintiff" or "NeoBull"), by and through its undersigned counsel, brings this Complaint against the individuals, corporations, limited liability companies, partnerships, unincorporated associations, and foreign entities identified on Schedule A to the *Complaint (collectively, "Defendants"), and alleges as follows. A public version of Schedule A* identifying it as filed under seal accompanies the publicly filed Complaint. The unredacted Schedule A has been submitted in accordance with the Court's order authorizing Plaintiff to file a redacted Complaint and an unredacted Complaint and Schedule A under seal.

## NATURE OF THE ACTION

1. This is an action for infringement of United States Design Patent No. D1,097,646 S (the "'646 Patent") under the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271.

2. The '646 Patent, titled "Neck Pillow," issued on October 14, 2025, from U.S. Design Patent Application No. 29/996,814. The patent claims "[t]he ornamental design for a neck pillow as shown and described." The broken lines shown in the patent drawings illustrate portions that form no part of the claimed design.

3. NeoBull is the assignee and owner of all right, title, and interest in the '646 Patent, including the right to enforce the patent and recover damages for infringement occurring during NeoBull's ownership.

4. Defendants operate Amazon storefronts identified on Schedule A and offer for sale the same accused neck-pillow product through the same Amazon catalog listing and ASIN set forth in Schedule A (the "Accused Product").

5. Plaintiff arranged a separate test purchase of the Accused Product from each Defendant for delivery to an address in New York State. Each Defendant accepted and fulfilled its respective order, purposefully completing a commercial transaction directed to New York and causing the Accused Product to be delivered in New York before the filing of this action.

6. The products delivered from the Defendant storefronts are materially identical in physical design and appearance. They were packaged in materially identical white retail boxes of the same general dimensions and construction, with substantially the same layout and substantially the same placement of the product/barcode and Amazon Transparency labels.

7. Plaintiff seeks preliminary and permanent injunctive relief, Defendants' total profits attributable to the infringing articles under 35 U.S.C. § 289, damages available under 35 U.S.C. § 284, costs, and such other relief as the Court deems just and proper.

## THE PARTIES

8. Plaintiff NeoBull Dynamics Inc. is identified in United States Patent and Trademark Office records with an address in Boulder, Colorado. NeoBull is identified in the '646 Patent as the assignee of the patented design.

9. Defendants are foreign individuals and/or entities that operate Amazon storefronts under the seller names and account identifiers set forth in Schedule A. Defendants use those

storefronts to advertise, offer for sale, and sell the Accused Product to consumers in the United States, including consumers in New York. To the extent any storefront name is an alias rather than a complete legal name, Plaintiff will amend or supplement the pleadings as additional verified identity information is obtained.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Act, including 35 U.S.C. § 271.

11. This Court has personal jurisdiction over each Defendant under Federal Rule of Civil Procedure 4(k)(1)(A) and New York C.P.L.R. § 302(a)(1). Each Defendant operates an interactive commercial storefront through Amazon.com, offered the Accused Product for sale to consumers in New York, and accepted and fulfilled a transaction for delivery of the Accused Product in New York State.

12. Plaintiff's claims arise directly from each Defendant's New York-directed offer for sale and completed sale of the Accused Product, which Plaintiff alleges infringes the '646 Patent. Each Defendant purposefully availed itself of the privilege of conducting business in New York, and the exercise of personal jurisdiction is consistent with New York law and due process.

13. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because each Defendant is a foreign person or entity not resident in the United States and may be sued in any judicial district. The patent venue statute does not preclude suit against such foreign defendants. See *In re HTC Corp.*, 889 F.3d 1349, 1356-60 (Fed. Cir. 2018).

## THE ASSERTED DESIGN PATENT

14. On October 14, 2025, the United States Patent and Trademark Office duly and legally issued the '646 Patent, titled "Neck Pillow," to inventor Hailang Deng. The '646 Patent identifies NeoBull Dynamics Inc. as assignee. A true and correct copy of the '646 Patent is attached as Exhibit A.

15. The ’646 Patent contains eight drawing sheets depicting the claimed ornamental design from multiple views, including perspective, front, rear, left-side, right-side, top, and bottom views.

16. The claimed ornamental design is depicted in the solid-line portions of the drawings of the '646 Patent and is considered as a whole. The broken-line portions form no part of the claimed design.

17. The '646 Patent is valid, subsisting, and enforceable. NeoBull has not licensed or otherwise authorized Defendants to make, use, offer to sell, sell, or import articles embodying the patented design.

## DEFENDANTS' INFRINGING CONDUCT

18. Defendants use Amazon.com as a commercial marketplace to advertise, offer for sale, and sell the Accused Product to consumers in the United States, including consumers in New York.

19. Each Defendant offers the Accused Product through the same Amazon detail page and ASIN set forth in Schedule A. By using that listing, each Defendant represents to Amazon and consumers that it is offering the same cataloged accused article.

20. The Accused Product embodies an overall ornamental appearance that is substantially the same as the design claimed in the '646 Patent. To an ordinary observer familiar

with the relevant prior art, the resemblance is such that the ordinary observer would be induced to purchase the Accused Product supposing it to embody the patented design.

21. Plaintiff's completed test purchases provide product-specific evidence of infringement. The delivered units are materially identical to one another in their overall physical design, proportions, contours, and configuration.

22. The delivered units also arrived in materially identical retail boxes. The packaging shares substantially the same white-box construction and layout, and the product/barcode and Amazon Transparency labels appear in substantially the same locations on the boxes.

23. Each Defendant's offer for sale and sale of the Accused Product, and, on information and belief, its importation into the United States, without authorization from NeoBull, constitutes direct infringement of the '646 Patent under 35 U.S.C. § 271(a).

24. After service or actual notice of this action, any continued infringement may support a finding of willful infringement and enhanced damages to the extent permitted by law.

**JOINDER OF DEFENDANTS**

25. Joinder is proper under 35 U.S.C. § 299(a) because the claims against Defendants arise from the same series of transactions or occurrences relating to the same accused article and present questions of fact common to all Defendants.

26. Each Defendant offered the same cataloged Accused Product through the same Amazon detail page and ASIN. Separate test purchases from each Defendant yielded materially identical products in materially identical retail packaging, supporting a reasonable inference at the pleading stage that Defendants sold the same accused article through a common product listing and supply chain.

27. Common questions include whether the products sold by Defendants are the same accused article, the source and manufacture of that article, its design and configuration, the operation of the shared Amazon listing and ASIN, the materially identical packaging, the fulfillment practices used for the test purchases, infringement of the ’646 Patent, and the profits or damages attributable to sales of the Accused Product.

## IRREPARABLE HARM AND NEED FOR INJUNCTIVE RELIEF

28. Defendants' continued sales of articles embodying NeoBull's patented design deprive NeoBull of the exclusivity secured by the '646 Patent, divert sales opportunities, and impair NeoBull's ability to control the market for products embodying its design.

29. Unless enjoined, Defendants' continuing infringement will cause harm that is not fully compensable by money damages alone.

30. The balance of hardships and the public interest favor injunctive relief because an injunction would prohibit only infringing conduct and would protect rights granted by a duly issued United States patent.

## COUNT I
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,097,646 S
## (35 U.S.C. § 271)
## [Against Defendants Identified in Schedule A to the Complaint]

31. NeoBull repeats and realleges paragraphs 1–30 as if fully set forth herein.

32. NeoBull owns the '646 Patent and possesses the right to sue for infringement and recover the remedies available under the Patent Act.

33. Without authority or license from NeoBull, each Defendant has offered to sell and sold, and, on information and belief, imported into the United States, an article embodying an ornamental design substantially the same as the design claimed in the ’646 Patent.

34. Defendants have therefore directly infringed and continue to infringe the '646 Patent under 35 U.S.C. § 271(a).

35. NeoBull has suffered and will continue to suffer injury as a result of Defendants' infringement unless Defendants are enjoined.

36. NeoBull is entitled, subject to proof and without duplicative recovery, to recover each Defendant’s total profits from the infringing articles under 35 U.S.C. § 289 or damages under 35 U.S.C. § 284, together with the other relief available under 35 U.S.C. §§ 283–285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NeoBull Dynamics Inc. respectfully requests that judgment be entered in its favor and against Defendants, and that the Court:

A. Enter judgment that Defendants have infringed U.S. Design Patent No. D1,097,646 S;

B. Preliminarily and permanently enjoin Defendants, and those acting in active concert or participation with them who receive actual notice of the Court's order, from making, using, offering to sell, selling, or importing articles that infringe the '646 Patent;

C. Order such relief directed to online marketplace platforms and other third parties as is authorized by Federal Rule of Civil Procedure 65(d)(2) or other applicable law and necessary to implement the Court’s injunction and preserve evidence relating to Defendants’ infringing sales;

D. Award NeoBull Defendants' total profits attributable to the infringing articles pursuant to 35 U.S.C. § 289;

E. Award NeoBull damages available under 35 U.S.C. § 284, together with prejudgment and postjudgment interest, to the extent applicable and not duplicative of relief awarded under 35 U.S.C. § 289;

F. Award enhanced damages for any infringement proven to be willful, to the extent permitted by law;

G. Declare this case exceptional under 35 U.S.C. § 285 and award NeoBull its reasonable attorneys' fees, if warranted by the evidence;

H. Award NeoBull its costs and disbursements; and

I. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 28, 2026

Respectfully submitted,

Alexander Warden, Esq.
alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, Suite 400
New York, NY 10018
*Counsel for Plaintiff NeoBull Dynamics Inc.*

SCHEDULE A FILED UNDER SEAL