**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NEOBULL DYNAMICS INC.,**<br>***Plaintiff,***<br>**v.**<br>**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,**<br>***Defendants.*** | **Case No.: 1:26-cv-08457- RA**<br><br>**DECLARATION REGARDING AMAZON TEST PURCHASES, DELIVERED PRODUCTS, AND RETAIL PACKAGING** |

I, Alexander Warden, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am counsel for Plaintiff NeoBull Dynamics Inc. I personally participated in and supervised the investigation described below. I reviewed the Amazon records, inspected all four test-purchased products and their retail boxes, and reviewed the photographs included in Exhibits B and C. I have personal knowledge of the facts stated in this Declaration.

2. I personally inspected each of the four test-purchased products and its corresponding retail box.

3. The four Defendant storefronts identified on Schedule A appeared as sellers of the same Accused Product through the same Amazon product-detail page and the same ASIN identified in the sealed evidence.

4. Exhibit B is a true and correct compilation of marketplace and transaction records relating to the Accused Product and the four Defendant storefronts. It includes the Amazon product-detail page, the multiple-seller page, the Seller Profile page for each Defendant, and the final completed order-and-delivery record.

5. The Seller Profile pages in Exhibit B correspond to Defendant Nos. 1 through 4 on Schedule A.

6. A separate order for the Accused Product was placed with each Defendant for delivery to New York.

7. Each of the four orders was accepted and fulfilled, and each test-purchased unit was delivered in New York before Plaintiff filed its ex parte application for temporary relief.

8. The completed delivery record in Exhibit B reflects delivery of the four separately purchased units.

9. I physically inspected the four delivered units obtained from the four separate Defendant storefronts.

10. The four delivered units are materially identical to one another in their overall physical design, proportions, contours, configuration, and appearance.

11. The four corresponding retail packages use the same overall white-box format and substantially similar proportions and closure construction.

12. The retail packages also share substantially the same layout and similarly placed product/barcode and Amazon Transparency labels.

13. Exhibit C is a true and correct compilation of photographs and comparison materials relating to the delivered products and packaging. It includes a multi-view comparison of the figures of U.S. Design Patent No. D1,097,646 S against one representative delivered Accused Product and photographs showing the four corresponding retail packages.

14. The representative product shown in Exhibit C was selected because I physically inspected all four delivered units and observed no material differences in the design configuration relevant to the '646 Patent.

15. The photographs in Exhibit C fairly and accurately depict the representative Accused Product and the retail packaging associated with the four test purchases.

16. Because the Defendant storefronts are marketplace accounts, seller-facing offers and account information can be changed electronically. Preservation and production of Amazon-maintained historical account, listing, fulfillment, and sales records are important to document the marketplace state and the accused sales before advance notice is provided.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 15, 2026, in New York, New York.

Alexander Warden