UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NEOBULL DYNAMICS INC.,**<br>*Plaintiff,*<br>v.<br>**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,**<br>*Defendants.* | **Case No.** ________________<br><br>**DECLARATION REGARDING INVESTIGATION OF DEFENDANTS' LISTED PHYSICAL ADDRESSES** |

I, Hai Lang Deng, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I participated in or supervised the collection and review of records concerning the physical addresses publicly associated with the four Amazon seller accounts identified on Schedule A.

2. I have personal knowledge of the investigative records described below, including the Amazon Seller Information, mapping records, and photographs collected during the address checks.

3. For each Defendant, the investigation began with the business name and physical address displayed in the Detailed Seller Information section of the Defendant's Amazon Seller Profile.

4. The Seller Profile records containing those listed addresses are included in Exhibit D.

5. For each listed address, the investigation used Gaode Map (Amap), a commonly used Chinese mapping service, to locate the address and surrounding premises.

6. The corresponding Gaode Map records are included in Exhibit D.

7. For each Defendant, an in-person address check was conducted at or around the location identified from the seller-provided address and the corresponding Gaode Map information. Photographs were taken at the location reached during that address check.

8. The photographs and records for Defendant No. 1 do not show an identifiable office, storefront, company plaque, or business signage corresponding to Defendant No. 1.

9. The photographs and records for Defendant No. 2 do not show an identifiable office, storefront, company plaque, or business signage corresponding to Defendant No. 2.

10. The photographs and records for Defendant No. 3 do not show an identifiable office, storefront, company plaque, or business signage corresponding to Defendant No. 3.

11. The photographs and records for Defendant No. 4 do not show an identifiable office, storefront, company plaque, or business signage corresponding to Defendant No. 4.

12. The mapped locations and photographs principally depict residential communities, residential-neighborhood premises, or mixed residential settings rather than readily identifiable business offices of the corresponding sellers.

13. I do not conclude that an address is invalid merely because it is residential. The relevant result is that the seller-provided addresses, mapping records, and on-site photographs did not verify a readily identifiable business premises for the corresponding Defendant.

14. Exhibit D is a true and correct compilation of the Seller Information, Gaode Map records, and on-site photographs generated or collected in the course of this investigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 12, 2026.

Hai Lang Deng

Name: Hai Lang Deng

Title/Capacity: Principal