UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NEOBULL DYNAMICS INC.,**<br>*Plaintiff,*<br>v.<br>**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,**<br>*Defendants.* | **Case No. __________________**<br><br>**DECLARATION OF NEOBULL DYNAMICS INC., REPRESENTATIVE IN SUPPORT OF EX PARTE APPLICATION AND MOTION FOR PREJUDGMENT ATTACHMENT** |

I, Hai Lang Deng, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an authorized representative of Plaintiff NeoBull Dynamics Inc. ("NeoBull"). I have personal knowledge of NeoBull's ownership and commercial activities and am competent to testify to the matters stated here.

2. NeoBull is the assignee and owner of U.S. Design Patent No. D1,097,646 S (the '646 Patent), titled "Neck Pillow," which issued on October 14, 2025.

3. The '646 Patent claims the ornamental design shown and described in its drawings. The broken-line portions of the drawings form no part of the claimed design.

4. NeoBull owns the right to enforce the '646 Patent and to seek relief for infringement occurring during its ownership.

5. NeoBull has not licensed or authorized any Defendant identified on Schedule A to make, import, offer for sale, sell, or otherwise commercially exploit articles embodying the claimed design.

6. NeoBull sells products embodying the patented design in the United States through online retail channels.

7. The Accused Products are offered to the same category of online consumers as NeoBull's products and compete with products embodying the patented design.

8. NeoBull has experienced adverse effects on its sales as unauthorized accused products have been offered and sold by multiple marketplace seller accounts.

9. Continued sales of materially identical unauthorized products divert sales opportunities and reduce NeoBull's control over the commercial presentation and distribution of products embodying the patented design.

10. The harm described above is tied to the infringement because the competing articles use substantially the same overall ornamental appearance claimed in the '646 Patent and are offered as substitute products to the same category of online consumers.

11. The precise amount of diverted sales and continuing marketplace harm is difficult to measure after the fact, particularly where multiple foreign seller accounts may continue changing their marketplace activity. A prompt injunction against continued sales of the Accused Product is important to preserve NeoBull's patent rights while the Court considers preliminary relief.

12. Amazon Seller Profile records identify each Defendant as a seller using a business name and business address in China. NeoBull is not aware of any Defendant maintaining a physical office or operating business premises in the United States.

13. NeoBull caused the listed China addresses to be investigated. The locations observed in that investigation did not reveal readily identifiable operating offices or storefronts corresponding to the Defendant seller names. NeoBull has not identified U.S.-based physical assets of the Defendants apart from funds and proceeds that may be held or processed through online marketplace accounts.

14. NeoBull's Complaint seeks monetary relief available for design-patent infringement, including each infringer's total profit under 35 U.S.C. § 289. To my knowledge, NeoBull is not aware of any counterclaim held by any Defendant against NeoBull.

15. NeoBull has not identified a U.S. business premises or other readily accessible U.S. assets for any Defendant. NeoBull also does not presently know the financial institution, payment processor, account holder, or country to which Amazon will disburse each Defendant's marketplace proceeds; that information is among the limited records NeoBull seeks from Amazon. Once marketplace proceeds leave Amazon's control, NeoBull may have difficulty identifying or reaching them before judgment. NeoBull therefore requests temporary preservation or attachment of funds attributable to sales of the Accused Product, subject to a sales-based cap, prompt accounting, and prompt Court review.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 12, 2026.

Hai Lang Deng

Name: Hai Lang Deng
Title/Capacity: Principal