# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NEOBULL DYNAMICS INC.,**<br>***Plaintiff,***<br>**v.**<br>**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,**<br>***Defendants.*** | **Case No.: 1:26-cv-08457- RA**<br>**PLAINTIFF'S EX PARTE MOTION FOR PREJUDGMENT ATTACHMENT AND TEMPORARY ASSET RESTRAINT** |

Plaintiff NeoBull Dynamics Inc. ("NeoBull") respectfully moves under Federal Rule of Civil Procedure 64 and N.Y. C.P.L.R. §§ 6201(1), 6210, 6211, and 6212 for: (1) an immediate temporary order under Section 6210 restraining Amazon from transferring funds attributable to Defendants' sales of the Accused Product pending a prompt return date on NeoBull's attachment motion; and (2) after Amazon provides the requested accounting, an order of attachment in a fixed amount determined by the Court. In the alternative, NeoBull requests a temporary restraint under Rule 65 limited to accused-product proceeds in light of the total-profit remedy expressly provided by 35 U.S.C. § 289.

The written record satisfies the requirements of Section 6212(a) for provisional-relief purposes. The '646 Patent is issued and presumed valid. Ex. A. Separate test purchases from all four Defendants were completed and delivered in New York; counsel physically inspected all four delivered products and found them materially identical in the design configuration relevant to the '646 Patent; and Exhibit C provides a multi-view ordinary-observer comparison supporting infringement. Declaration Regarding Amazon Test Purchases, Delivered Products, and Retail Packaging ("Test Purchase Decl.") ¶¶ 3-15. Amazon's Seller Profile records list a business

address in China for each Defendant, and the address investigation did not verify a readily identifiable operating business premises corresponding to any Defendant's seller name. Declaration of NeoBull Dynamics Inc. Representative ("NeoBull Decl.") ¶¶ 12-15; Declaration Regarding Investigation of Defendants' Listed Physical Addresses ("Address Decl.") ¶¶ 3-14; Exs. B, D. NeoBull seeks a money judgment that includes each infringer's total profit under Section 289, and its representative declares that NeoBull knows of no counterclaim held by any Defendant. NeoBull Decl. ¶ 14.

The requested interim restraint is limited to accused-product proceeds. NeoBull does not seek an open-ended attachment in an unspecified amount. Because the Defendant-specific sales totals and account balances are maintained by Amazon, NeoBull requests an initial restraint under Section 6210 for no more than three business days while Amazon calculates, for each Defendant, the lesser of: (a) funds then held by Amazon; or (b) gross sales revenue attributable to the Accused Product. The Court can then determine the amount, if any, to be secured by attachment at a prompt return date. Ordinary refunds, chargebacks, taxes, and marketplace fees may continue, and any funds above the Court-approved cap must be released.

*Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999), bars a general prejudgment freeze of unencumbered assets where a plaintiff seeks only a legal money judgment. *Telebrands Corp. v. Guangzhou Keduoqing Technology Co., Ltd.*, No. 25-CV-3646 (JAV), ECF No. 53, at 16-21 (S.D.N.Y. June 5, 2025), applied that principle in a utility-patent case and recognized that a plaintiff may instead pursue attachment under Rule 64 and N.Y. C.P.L.R. Article 62 upon the required evidentiary showing. A later decision involving the same plaintiff denied attachment without prejudice because foreign status alone did not establish a real, defendant-specific enforcement risk and the appearing defendant had represented

that it would participate in the litigation. *Telebrands Corp. v. guangzhoulingyedianzishangwuyouxiangongsi*, No. 25-CV-8558 (DEH), ECF No. 49, at 10-12 (S.D.N.Y. Nov. 26, 2025) (citing *VisionChina Media Inc. v. Shareholder Representative Servs., LLC*, 109 A.D.3d 49, 60, 967 N.Y.S.2d 338, 345-46 (1st Dep't 2013)). The present record contains more than foreign status. The seller-provided China addresses were investigated but did not verify readily identifiable operating business premises; no U.S. business premises or other readily accessible U.S. assets have been identified; and NeoBull does not know the destination financial institutions or countries to which Amazon will disburse the proceeds. NeoBull Decl. ¶¶ 12-15; Address Decl. ¶¶ 3-14. No Defendant has appeared or identified an accessible source for satisfying a judgment. NeoBull therefore relies principally on Rule 64 and Article 62 and requests a narrowly capped, promptly reviewable restraint rather than a general asset freeze. NeoBull preserves its alternative Rule 65 request because Section 289 expressly provides recovery of a design-patent infringer's total profit, while recognizing that the Second Circuit has not squarely decided whether Section 289, standing alone, permits a prejudgment asset restraint under Rule 65.

NeoBull requests that the Court: (1) enter a temporary garnishee restraint under N.Y. C.P.L.R. § 6210 pending a prompt return date; (2) direct Amazon to provide the limited accounting described in the proposed Order to Show Cause and Temporary Restraining Order; and (3) after notice and the accounting, determine whether to enter an order of attachment under Sections 6201(1), 6210, and 6212 in a fixed amount. If the Court instead determines that the present record supports an ex parte attachment in an amount specified by the Court, NeoBull requests relief under Section 6211. NeoBull will provide the undertaking required by Section 6212(b) in the amount fixed by the Court and will comply with the applicable levy, garnishee-

statement, and confirmation procedures. See N.Y. C.P.L.R. §§ 6211(b), 6214, 6219; *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005).

Dated: October 15, 2026

Respectfully submitted,

Alexander Warden, Esq.
alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, Floor 4
New York, NY 10018
Counsel for Plaintiff NeoBull Dynamics Inc.