IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Neobull Dynamics Inc.,<br><br>Plaintiff,<br><br>v.<br><br>The Individuals, Corporations, Limited Liability Companies Partnerships, and Unincorporated Associations Identified on Schedule A to the Complaint,<br><br>Defendants. | Case No. 1:26-CV-08457-RA<br><br>Judge Hon. Ronnie Abrams<br><br>Magistrate Judge Hon. Robert W. Lehrburger |

**PROPOSED INTERVENOR GUANGZHOU MINGYU ENTERPRISE MANAGEMENT CO., LTD.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY ASSET RESTRAINT, PREJUDGMENT ATTACHMENT, AND EXPEDITED DISCOVERY**

Proposed Intervenor Guangzhou Mingyu Enterprise Management Co., Ltd. ("Mingyu"), through undersigned counsel, respectfully opposes Plaintiff Neobull Dynamics Inc.'s ("Neobull" or "Plaintiff") ex parte application for an order to show cause, temporary restraining order ("TRO"), temporary asset restraint, prejudgment attachment, and expedited discovery (the "Application"). Mingyu requests Court-authorized access to the sealed Schedule A and relevant portions of Exhibits B, C, and D under an attorneys' eyes only ("AEO") restriction, with supplemental opposition due seven days after complete access to those materials and Plaintiff's reply due three days thereafter, subject to adjustment by the Court.

The Application should be denied, or at minimum deferred until the affected parties have a meaningful opportunity to respond. The record presently available to Mingyu identifies a substantial threshold issue concerning the earlier disclosure of substantially the same neck pillow in Chinese Design Patent No. CN 308502252 S, entitled "Cervical Spine Rehabilitation Pillow" (the "Chinese Patent"), which was filed on August 2, 2023, and published on March 12, 2024,

before the April 2, 2025 filing date identified for the application underlying U.S. Design Patent No. D1,097,646 S, entitled "Neck Pillow" (the "Asserted Patent"). The Chinese Patent's drawings disclose a neck-pillow design that appears substantially similar to the design depicted in the Asserted Patent. Mingyu owns the Chinese Patent by assignment and has licensed the design to distributors. The accused products are understood to follow the earlier-disclosed design.

These facts do not ask the Court to decide patent validity on an incomplete TRO record. They show why the Court should not impose extraordinary, case-dispositive restraints before the relevant patent documents, ownership and licensing records, accused-product evidence, and the affected parties' arguments can be considered. Plaintiff has also not permitted undersigned counsel to inspect the sealed Schedule A, despite a request for attorney's eyes only ("AEO") access to determine whether Mingyu's licensees or distributors are named. Without that basic information, Mingyu cannot fully assess the reach of the requested relief or assist the Court in identifying affected parties. Moreover, the earlier public disclosure supports a concrete challenge to the Asserted Patent's validity. Together with Mingyu's ownership, licensing, and contractual defense obligations, it warrants consideration in evaluating Plaintiff's entitlement to emergency relief through a prompt adversarial process.

## I. INTRODUCTION

Plaintiff alleges that defendants identified on a sealed Schedule A infringe the Asserted Patent, which claims a design for a neck pillow as shown below:



FIG. 1

Mingyu owns Chinese Design Patent No. CN 308502252 S by assignment. The Chinese Patent concerns a cervical-spine rehabilitation pillow and was filed on August 2, 2023, and published on March 12, 2024. Those dates precede the April 2, 2025 filing date identified for the application underlying the Asserted Patent. The Chinese Patent and its drawings are included as Exhibit 1 and shown below:



The assignment and ownership documentation is included as Exhibit 2; and the official Chinese patent ownership transfer record is included as Exhibit 3.

Mingyu has licensed the design to licensees and distributors. The products understood to be sold by those businesses following the design disclosed in the Chinese Patent and as shown below:




An order restraining sales, freezing assets, or otherwise burdening the defendants could directly affect Mingyu's licensed commercial activity and its contractual obligations to defend licensees against claims involving products made in accordance with the licensed design.

Counsel for Mingyu asked Plaintiff's counsel to disclose the sealed Schedule A on an AEO basis, solely to determine whether any Mingyu licensee or distributor is named. Plaintiff has not provided access. Instead, Plaintiff seeks extraordinary ex parte relief that could affect businesses whose identities have not been disclosed to Mingyu.

Mingyu seeks intervention under Federal Rule of Civil Procedure 24(a)(2), or alternatively permissive intervention under Rule 24(b)(1)(B), in order to protect its ownership, licensing, and contractual interests and to present relevant evidence. This opposition is submitted to explain why the requested emergency relief should not issue on the present record; it does not ask the Court to treat the Chinese Patent as automatically dispositive of U.S. patent validity.

## II. LEGAL STANDARD

A temporary restraining order is an extraordinary remedy. When relief is sought without notice, Rule 65(b)(1) requires specific facts in an affidavit or verified complaint clearly showing that immediate and irreparable injury will result before the adverse party can be heard, and a written certification of the efforts made to give notice and the reasons notice should not be required. Fed. R. Civ. P. 65(b)(1).

The standards for a TRO and preliminary injunction are substantially the same. To obtain a preliminary injunction, a plaintiff must establish: "(1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly" in its favor. *Federal Express Corp. v. Federal Espresso, Inc.*, 201 F.3d 168, 173 (2d Cir. 2000); *Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005).

Patent-based injunctive relief likewise remains governed by traditional equitable principles; infringement allegations do not create an automatic entitlement to an injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391–94 (2006). Any prejudgment attachment or asset restraint must also satisfy the applicable procedural and substantive requirements and be supported by facts establishing entitlement to that extraordinary remedy.

## III. ARGUMENT

### A. The Court should not grant sweeping ex parte relief without a meaningful opportunity to respond.

The requested relief would potentially disable online stores, restrain assets, and affect the ability of businesses to continue selling products. Rule 65(b) does not permit an ex parte TRO merely because a plaintiff alleges infringement or seeks to preserve leverage in a Schedule A action. Plaintiff must establish, with specific facts, that irreparable injury will occur before the affected parties can be heard and must explain why notice should not be required.

Mingyu requests Court-authorized AEO access to Schedule A and the portions of Exhibits B, C, and D concerning its identified licensees or distributors, including purchase and delivery evidence, the actual infringement comparisons, and the corresponding address investigation. If necessary, counsel may first submit known storefront names and Seller IDs under seal for matching, followed by disclosure of the matching entries and related materials.

The Court should deny the ex parte requests. Alternatively, it should require Plaintiff to provide AEO access to Schedule A and supporting materials, allow a short response period, and hold a prompt adversarial hearing before entering any restraint.

### B. The earlier-published Chinese Patent raises a substantial merits issue that should be examined before extraordinary relief is imposed.

For the prior-art argument, Mingyu relies on the Chinese Patent's March 12, 2024 public disclosure, rather than merely its earlier filing date. The disclosed head-support portion and wider, laterally extending pillow body should be compared against the corresponding claimed configuration in the Asserted Patent, using the complete official views.

Mingyu owns the Chinese Patent by assignment and can provide the patent drawings, official publication record, assignment record, and evidence linking the licensed products to the earlier-disclosed design. Those materials raise questions that are relevant to the scope and

validity of the Asserted Patent and to the comparison between the claimed design and the accused products. Under 35 U.S.C. §§ 102 and 103, prior-art issues depend on the applicable statutory requirements and the evidentiary record. Mingyu does not contend that the existence of a foreign design patent alone automatically invalidates a U.S. patent; rather, the earlier public disclosure presents a concrete issue that should be evaluated before the Court grants extraordinary interim relief.

The earlier publication and the identified visual similarities provide concrete evidence against which Plaintiff's likelihood of success must be tested. On the present record, that evidence materially undermines Plaintiff's showing. The Court should deny the requested emergency relief or permit focused disclosure and supplemental briefing before deciding the competing evidence.

**C. Plaintiff has not established a case-specific likelihood of irreparable harm sufficient to justify the requested relief.**

Plaintiff must establish likely irreparable injury, not merely allege infringement or rely on a generalized presumption. The Court should require Plaintiff to identify evidence showing why monetary relief or ordinary case-management measures would be inadequate, what injury is likely to occur before an adversarial hearing, and why the full breadth of the requested restrictions is necessary.

The unresolved prior-publication issue also bears on the equitable analysis. If the Asserted Patent's validity or scope is materially disputed on the available record, Plaintiff's claimed entitlement to emergency relief is correspondingly less certain. Mingyu and its licensees, by contrast, face immediate commercial harm if storefronts are disabled or assets restrained before they can present the earlier patent and licensing evidence.

A short, structured briefing schedule and prompt hearing would preserve the Court's ability to grant appropriate relief if warranted while avoiding potentially severe restrictions based on an incomplete record.

**D. The requested asset restraint and prejudgment attachment require separate, particularized justification.**

The Application seeks not only a TRO but also a temporary asset restraint and prejudgment attachment. Those remedies can impose substantial consequences beyond an order directed to particular allegedly infringing listings. The Court should require Plaintiff to identify the legal basis for each remedy, the specific facts supporting it, the assets and parties to be affected, and why narrower relief would be inadequate.

Mingyu has not been given access to Schedule A and therefore cannot determine which licensees or distributors, if any, are named or assess the precise reach of the proposed asset restraints. This lack of access is especially consequential where Mingyu asserts ownership of an earlier-published design and has a direct commercial and contractual interest in the affected products. The Court should not freeze assets or authorize prejudgment attachment without a developed record and a fair opportunity for affected parties to respond.

**E. Expedited discovery should be narrowly tailored and should not substitute for adversarial process.**

Mingyu does not oppose reasonable discovery needed to identify the parties, preserve relevant evidence, and resolve the issues presented. But expedited discovery should be tied to specific needs and proportional to the circumstances. It should not be used to compound the practical effects of an ex parte asset restraint before the affected parties have access to the basic materials needed to respond.

If the Court permits expedited discovery, Mingyu requests that it be limited to targeted issues, subject to appropriate confidentiality protections, and that the Court first establish a

schedule allowing the proposed intervenor and affected defendants to address the Asserted Patent, the Chinese Patent, ownership and licensing records, and the accused-product comparison.

## IV. REQUEST FOR RELIEF

For the foregoing reasons, proposed intervenor Guangzhou Mingyu Enterprise Management Co., Ltd. respectfully requests that the Court:

1. Deny Plaintiff's ex parte application for a temporary restraining order, temporary asset restraint, prejudgment attachment, and expedited discovery;

2. Alternatively, defer consideration of those requests until Plaintiff provides counsel with attorneys' eyes only access to the sealed Schedule A and the materials on which Plaintiff relies;

3. Set a prompt adversarial briefing schedule beginning one week after that access is provided, followed by a hearing at the Court's convenience

4. Require any proposed asset restraint or prejudgment attachment to be supported by particularized evidence and narrowly tailored to the relief legally available; and

5. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted

/s/lance liu

Dated: October 16, 2026

By: Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Email: lanceliu2000@gmail.com
Phone: (203)706-9536

Counsel for Proposed Intervenor Guangzhou Mingyu Enterprise Management Co., Ltd.

CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2026, a copy of the foregoing document was filed electronically through the Court's CM/ECF system, which generated notice of filing to counsel of record.

/s/lance liu
By: /s/ Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Email: lanceliu2000@gmail.com
Phone: (203)706-9536

Counsel for Proposed Intervenor Guangzhou
Mingyu Enterprise Management Co., Ltd.