**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NEOBULL DYNAMICS INC.,**<br>***Plaintiff,***<br>**v.**<br>**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,**<br>***Defendants.*** | **Case No. ~~______________~~26-CV-8457 (RA)**<br><br>**~~[PROPOSED]~~ ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, TEMPORARY RESTRAINING ORDER, TEMPORARY ASSET RESTRAINT, PREJUDGMENT ATTACHMENT, AND EXPEDITED DISCOVERY** |

Upon consideration of Plaintiff NeoBull Dynamics Inc.'s ex parte Application, its separate Motion for Prejudgment Attachment and Temporary Asset Restraint, the Complaint, the Memorandum of Law, the declarations submitted in support, and the exhibits thereto, and sufficient cause having been shown, it is hereby ORDERED as follows:

**FINDINGS**

1. Plaintiff has shown, for purposes of temporary relief, a likelihood of success on its claim that Defendants infringe U.S. Design Patent No. D1,097,646 S (the '646 Patent).

2. Plaintiff has shown that each Defendant offered the same accused product through the same Amazon catalog listing and that separate purchases from all four Defendant storefronts were completed and delivered in New York.

3. Plaintiff has shown that the four delivered products were physically inspected and found materially identical in the design configuration relevant to the '646 Patent, and that their corresponding retail packages share materially recurring characteristics, supporting both the infringement showing and common product-specific facts among the four accused sales.

4. Plaintiff has shown a likelihood of irreparable harm in the absence of temporary relief, including adverse effects on Plaintiff's sales, diversion of sales opportunities, and loss of control over the distribution and pricing of products embodying the patented design, injuries that would be difficult to quantify fully after the fact.

5. The balance of hardships and public interest favor a narrow order preventing continued sales of the accused product while preserving Defendants' ability to sell non-infringing goods.

6. Specific facts in the supporting declarations show that advance notice before implementation of temporary marketplace and financial restraints could permit the accused offers, seller-account information, payout information, inventory, or marketplace proceeds to be altered, transferred, or obscured. The requirements of Rule 65(b)(1) are therefore satisfied.

7. Good cause exists under Rule 26(d)(1) for limited expedited discovery from Amazon concerning the identities, addresses, electronic contact information, related seller accounts, fulfillment records, accused-product sales, account balances, reserves, pending disbursements, and payment-account information necessary to implement and review the temporary restraints.

8. Amazon Seller Profile records identify each Defendant as a foreign seller using a business address in China, and Plaintiff has shown grounds for attachment under Federal Rule of Civil Procedure 64 and C.P.L.R. § 6201(1), subject to the requirements of C.P.L.R. Article 62.

9. The Complaint seeks monetary relief including total profits under 35 U.S.C. § 289. Plaintiff has shown, for purposes of provisional relief, a probability of success on its design-patent claim and has represented by declaration that it knows of no counterclaim held by any Defendant.

10. A restraint limited to funds attributable to sales of the Accused Product, with prompt accounting and release of excess funds, is narrowly tailored to preserve the availability of relief pending a hearing.

## TEMPORARY RESTRAINTS

Pending the preliminary-injunction hearing or further Order of the Court, Defendants identified on sealed Schedule A, together with their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order, are temporarily enjoined and restrained from:

- making, using, importing, advertising, marketing, offering for sale, selling, distributing, or otherwise commercially dealing in the Accused Product identified in the sealed record, or any colorable variation that infringes the '646 Patent;
- assisting, inducing, facilitating, or participating in any such manufacture, importation, offer for sale, sale, or distribution;
- creating or using any new marketplace listing or seller account for the purpose of continuing sales of the Accused Product in circumvention of this Order; and
- destroying, deleting, concealing, altering, transferring, or otherwise making unavailable documents, electronically stored information, marketplace records, inventory records, communications, or other evidence relating to the Accused Product or the accused sales.

## AMAZON MARKETPLACE PRESERVATION, ASIN SUPPRESSION, AND IMPLEMENTATION

1. Plaintiff is authorized to transmit this Order and sealed Schedule A to Amazon.com, Inc., Amazon.com Services LLC, Amazon Payments, Inc., and any affiliated entity maintaining the relevant marketplace or payment records (collectively, "Amazon").

Amazon shall preserve records relating to the Defendant seller accounts identified on sealed Schedule A, including identity-verification records, current and historical contact information, account histories, accused-product listings, fulfillment and inventory records, sales records, payout and reserve records, and communications relating to the Accused Product.

2. Upon receipt of this Order and sealed Schedule A, Amazon shall temporarily suppress the shared accused ASIN identified in sealed Exhibit B and disable sales through that catalog listing pending further Order of the Court. Amazon shall preserve the underlying listing, seller-account, transaction, and historical data and shall not delete or alter historical records.

**TEMPORARY ASSET RESTRAINT AND PREJUDGMENT ATTACHMENT**

1. Pursuant to Federal Rule of Civil Procedure 64, C.P.L.R. §§ 6201(1), 6210, 6211, and 6212, and, alternatively, as temporary ancillary relief sought in connection with the total-profit remedy available under 35 U.S.C. § 289, Plaintiff's request for a temporary restraint preserving accused-product proceeds is GRANTED on the terms below. ~~To the extent the Court does not enter an ex parte order of attachment under C.P.L.R. § 6211 before Amazon's accounting fixes the amount to be secured, t~~The initial restraint is entered under C.P.L.R. § 6210 pending the prompt return date on Plaintiff's attachment motion.

2. For purposes of this Order, the "Restrained Amount" for each Defendant means the lesser of: (a) funds then held by Amazon for that Defendant; or (b) that Defendant's gross sales revenue attributable to the Accused Product through the date of this Order, as reflected in Amazon's ordinary-course records. The Restrained Amount is an interim ceiling only and may be reduced, modified, or dissolved upon motion or further accounting.

3. Upon receipt of this Order, Amazon shall temporarily suspend disbursement of funds then held for each Defendant for no more than three (3) business days while calculating the

Restrained Amount. Once calculated, Amazon shall continue to hold only the Restrained Amount and shall release any excess not otherwise subject to lawful restraint. Ordinary customer refunds, chargebacks, taxes, and marketplace fees may continue to be processed.

4. ~~If the Court grants attachment under C.P.L.R. § 6211, an order of attachment is granted against property of each Defendant in the amount of $____________ per Defendant, or such different amount as the Court specifies. The attachment shall be levied in the manner provided by C.P.L.R. Article 62 against property held by Amazon or another garnishee. Nothing in this paragraph eliminates the levy requirements of C.P.L.R. § 6214 or any other applicable procedure.~~

5. If an attachment is levied pursuant to C.P.L.R. § 6201(1), the garnishee shall serve the statement required by C.P.L.R. § 6219 within five (5) days after levy, with a copy to Plaintiff, and Plaintiff shall move within ten (10) days after levy to confirm the attachment as required by C.P.L.R. § 6211(b).

6. Within three (3) business days after receipt of this Order, Amazon shall provide Plaintiff's counsel records sufficient to state, for each Defendant: (i) gross sales revenue attributable to the Accused Product; (ii) the amount of funds restrained; (iii) the current seller-account balance, reserves, and pending disbursements; and (iv) the name and country of the financial institution or payment processor designated to receive seller disbursements, together with account-holder name and the last four digits of the relevant account where maintained. Full account numbers and authentication credentials need not be produced absent further order.

7. This financial restraint does not prohibit a Defendant from conducting lawful sales of noninfringing goods and does not restrain funds above the accused-sales cap. Any

Defendant or affected garnishee may move on two (2) days' notice, or such shorter notice as the Court permits, to dissolve or modify the restraint or attachment.

## EXPEDITED DISCOVERY

Plaintiff is authorized under Rule 26(d)(1) to serve an expedited subpoena under Rule 45 on Amazon substantially in the form of the Proposed Expedited Rule 45 Discovery Requests submitted with the Application. The subpoena may specify a return date of seven (7) business days after service, subject to Amazon's rights and obligations under Rule 45. The subpoena may request the following categories of information:

- the true name and legal entity information associated with each Defendant seller account;
- all current and historical physical addresses, mailing addresses, email addresses, and telephone numbers associated with each Defendant seller account;
- documents or data used by Amazon to verify the identity and address of each Defendant, including the type of identity or business-verification document submitted;
- the seller-account identifiers for any other Amazon seller accounts linked by Amazon to the same legal entity, identity-verification information, email address, telephone number, payment instrument, or other account credential as a Defendant seller account;
- sales records for the Accused Product by each Defendant, including units sold, gross sales, dates of sale, refunds, and returns;
- current balances, reserves, pending disbursements, payout schedules, and records sufficient to identify the financial institution or payment processor designated to receive disbursements for each Defendant seller account;

- fulfillment and inventory records for the Accused Product associated with each Defendant, including fulfillment method and inventory identifiers sufficient to preserve and identify the accused inventory; and
- such additional account-contact information as is reasonably necessary to permit Plaintiff to provide notice and pursue formal service of process.

Any production may be treated as confidential and, where appropriate, designated Attorneys' Eyes Only by agreement or further order. Nothing in this Order alters Amazon's rights to object to or seek protection from a subpoena under Rule 45.

**NOTICE OF RULE 65 PROCEEDINGS**

1. Plaintiff shall promptly provide each Defendant notice of this Order, the Order to Show Cause, the Complaint, and the supporting papers by electronic means reasonably calculated to reach the active seller account, including Amazon seller messaging and any account-associated email address produced through expedited discovery, after the Court enters this Order and Plaintiff has transmitted it to Amazon for preservation and marketplace implementation. Plaintiff shall submit to the Court proof of notice by Amazon seller messaging no later than October 23, 2026, and further proof of notice by any account-associated email addresses promptly as such addresses are produced through discovery.

2. The electronic transmission authorized by the preceding paragraph constitutes notice of the Rule 65 proceedings and the preliminary-injunction hearing. This Order does not determine whether such transmission constitutes formal service of process under Rule 4.

**ORDER TO SHOW CAUSE**

1. Defendants shall show cause before this Court on ____________________, November 2, 2026, at ____________, 11:00 a.m., why a preliminary injunction should not issue continuing the restraints set forth above during the pendency of this action.

2. Any opposition papers shall be filed by ____________________, October 28, 2026. Any reply shall be filed by ____________________, October 30, 2026.

3. Any Defendant may appear and move to dissolve or modify this Temporary Restraining Order on two (2) days' notice to Plaintiff or on such shorter notice as the Court may allow.

**SECURITY AND DURATION**

1. Plaintiff shall post security and an undertaking in the amount of $__________ $15,000 pursuant to Federal Rule of Civil Procedure 65(c) and C.P.L.R. § 6212(b), or such other amount as the Court directs, provided that the undertaking for attachment shall not be less than the amount required by C.P.L.R. § 6212(b).

2. This Temporary Restraining Order shall remain in effect for fourteen (14) days from entry unless extended by the Court for good cause, by consent, or as otherwise permitted by Rule 65.

**SEALING**

The temporary sealing of Schedule A and Exhibits B, C, and D shall be governed by the Court's separate sealing order. Plaintiff may disclose those materials to Amazon, a sheriff or other officer effecting a levy, and any garnishee to the extent reasonably necessary to implement this Order, effectuate the attachment, and obtain the expedited discovery authorized above.

**SO ORDERED.**

Dated: ____________________, October 22, 2026 at 5:35 p.m.
New York, New York

________________________________________
UNITED STATES DISTRICT JUDGE